## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MEGAN WILLIAMS,**

     **Plaintiff,**

**v.**                                                    **Case No:**

**INTERNAL CREDIT SYSTEMS,**
**INC. and TRIUMPH FIT, INC.** ,

                                    **DEMAND FOR JURY TRIAL**

     **Defendants.**

_____/

### PLAINTIFF'S COMPLAINTWITH INJUNCTIVE RELIEF SOUGHT

     **COMES NOW**, Plaintiff, **MEGAN WILLIAMS** ("Ms. Williams" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**s**, **INTERNAL CREDIT SYSTEMS, INC.** ("Debt Collector") and **TRIUMPH FIT, INC.** ("Debt Owner") (collectively "Defendants"),and in support thereof states as follows:

### *Introduction*

     1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by misrepresenting the amount and legal status of the alleged Debt when Defendants knew Ms. Williams had cancelled her account and should not owe the alleged Debt, by misrepresenting that Debt Collector was an attorney, and by using obscene and profane language when speaking to Ms. Williams

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **1** of **16**

and Ms. Williams' mother in attempts to collect the alleged Debt, which can all reasonably be expected to harass Ms. Williams.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.      Plaintiff, Ms. Williams, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.      Further, Ms. Williams is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

6.      At all times material hereto, Debt Collector was and is a corporation with its principle place of business in the State of NC and its registered agent, Theodore B. Lachman, located at 5504 Durham Chapel Hill Blvd, Ste. 200, Durham, NC 27707.

7.      Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **2** of **16**

8.      At all times material hereto, Debt Owner was and is a corporation with its principle place of business in the State of FL and its registered agent, Deron Hiles, located at 3228 Moorings Dr. S., St. Petersburg, Florida 33712.

9.      At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Ms. Williams' alleged debt.

10.      At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Williams' alleged debt for Debt Owner.

11.      As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

12.      Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Williams' information.

13.      Under information and belief, Debt Owner allowed Debt Collector to enter Ms. Williams' information into Debt Owner's sales or customer systems.

14.      Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

15.      Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collector to use when calling Ms. Williams.

16.      Under information and belief, Debt Owner had actual knowledge of Debt Collector's FDCPA and FCCPA violations when communicating with Ms. Williams and Debt Owner failed to stop such violations by Debt Collector.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **3** of **16**

17.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Ms. Williams' debt on behalf of Debt Owner.

### *Statements of Fact*

18.     On or around October 1, 2018, Ms. Williams opened a gym membership with Debt Owner that was assigned a unique account under Ms. Williams' name ("Account").

19.     In or around January of 2019, Ms. Williams properly cancelled her gym membership with Debt Owner by going in person to cancel.

20.     Despite Ms. Williams' proper cancellation of the Account, Debt Owner continued to improperly charge Ms. Williams' Account, which caused Ms. Williams to incur an alleged outstanding balance owed under the Account ("Debt").

21.     On or around March 24, 2019, Debt Owner sent a collection letter to Ms. Williams in connection with the collection of the alleged Debt ("Collection Letter 1"). *See* **Exhibit A.**

22.     Collection Letter 1 was individually addressed to Ms. Williams, demanded a total amount due of $83.20, that "your membership remains past due" and "this correspondence is from an attorney debt collector," and offered options for payment that included online payment or by phone. *See* **Exhibit A.**

23.     Thereafter, Debt Owner sold, assigned, or transferred servicing rights to the Account, including debt collection, to Debt Collector.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **4** of **16**

24.     Debt Collector then began placing calls to Ms. Williams' cellular telephone number 727-***-3861 ("Cellular Telephone") in attempts to collect the Debt.

25.     Ms. Williams spoke with Debt Collector and told Debt Collector that she properly cancelled the Account and should not owe the Debt.

26.     During that same call, Debt Collector represented itself as an attorney and threatened to pursue legal action against Ms. Williams if she did not satisfy the alleged Debt immediately.

27.     Debt Collector also used obscene and profane language when demanding that Ms. Williams pay the alleged Debt during the call.

28.     Ms. Williams' mother also got on the phone and explained to Debt Collector that the Account was properly closed and demanded that Debt Collector stop calling Ms. Williams' Cellular Telephone.

29.     Debt Collector called Ms. Williams' Cellular Telephone one week later and left a voicemail stating that it was calling in regards to a legal matter.

30.     Debt Collector called Ms. Williams' Cellular Telephone from telephone number, 877-405-1900.

31.     All of Debt Collector's calls to Ms. Williams' Cellular Telephone were placed in an attempt to collect the alleged Debt.

32.     Ms. Williams has been harassed due to the content and timing of Debt Collector's calls.

33.     In addition to calling Ms. Williams' Cellular Telephone in attempts to collect the Debt, on or around May 2, 2019, Debt Collector sent a collection letter

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **5** of **16**

directly to Ms. Williams in connection with the collection of the alleged Debt ("Collection Letter 2"). *See* **Exhibit B.**

34.     Collection Letter 2 was individually addressed to Ms. Williams, demanded a total amount due of $196.30, represented that "this is an attempt to collect a debt and any information will be used for that purpose" and "this correspondence is from an attorney debt collector," and offered options for payment that included check or money order. *See* **Exhibit B.**

35.     On or around July 2, 2019, Debt Collector sent another collection letter directly to Ms. Williams in connection with the collection of the alleged Debt ("Collection Letter 1"). *See* **Exhibit C.**

36.     Collection Letter 3 was individually addressed to Ms. Williams, demanded a total amount due of $196.30; represented that "this is an attempt to collect a debt and any information will be used for that purpose," "last and final notice from a debt collector!!!," and that "this correspondence is from an attorney debt collector;" an attorney letterhead that was signed by an attorney, and offered options for payment that included check or money order. *See* **Exhibit C.**

37.     Debt Collector is not registered to conduct debt collection activity in the state of Florida.

38.     The alleged attorney that signed Collection Letter 1 is also not licensed to practice law in the state of Florida.

*39.*     Debt Collector sent Collection Letters 1-2 (collectively "Collection Letters") in connection with collection of the Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **6** of **16**

## *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Debt Collector)*

40.     Ms. Williams re-alleges paragraphs 1-39 and incorporates the same herein by reference.

41.     Ms. Williams is a "consumer" within the meaning of the FDCPA.

42.     The subject debt is a "consumer debt" within the meaning of the FDCPA.

43.     Debt Collector is a "debt collector" within the meaning of the FDCPA.

44.     Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated 15 U.S.C. § 1692d (1) by threatening to sue Ms. Williams if she did not satisfy the alleged Debt when Debt Collector had no intent to file such suit.

    b.   Debt Collector violated 15 U.S.C. § 1692d (2) by using obscene or profane language in the course of collecting the alleged Debt.

    c.   Debt Collector violated 15 U.S.C. § 1692e (2)(A) by misrepresenting the legal status of the alleged Debt as collectible and owing when Ms. Williams had properly cancelled the Account.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page 7 of 16

d.  Debt Collector violated 15 U.S.C. § 1692e (3) by the falsely representing itself as an attorney when in fact Debt Collector was not an attorney.

e.  Debt Collector violated 15 U.S.C. § 1692e(2)(a) by misrepresenting the legal right to collect on the alleged Debt when no such right existed because Debt Collector is not a registered debt collector in the state of Florida.

45.     As a result of the above violations of the FDCPA, Ms. Williams has been subjected to illegal collection activities for which she has been damaged.

46.     Debt Collector's actions have damaged Ms. Williams by causing her embarrassment.

47.     Debt Collector's actions have damaged Ms. Williams by causing her emotional distress.

48.     Debt Collector's actions have damaged Ms. Williams by causing her to lose sleep.

49.     Debt Collector's actions have damaged Ms. Williams by causing her aggravation.

50.     Debt Collector's actions have damaged Ms. Williams by harming her reputation.

51.     Debt Collector's actions have damaged Ms. Williams by causing her stress.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **8** of **16**

52.     Debt Collector's actions have damaged Ms. Williams by causing her anxiety.

53.     Debt Collector's actions have damaged Ms. Williams by being an annoyance.

54.     Debt Collector's actions have damaged Ms. Williams by invading her privacy.

55.     It has been necessary for Ms. Williams to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

56.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

     a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

     b.   Awarding actual damages;

     c.   Awarding costs and attorneys' fees; and

     d.   Any other and further relief as this Court deems just and equitable.

### _Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")_ _(as against Debt Collector)_

57.     Ms. Williams re-alleges paragraphs 1-39 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc._
Page 9 of 16

58.   Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

a.  Debt Collector violated Fla. Stat. § 559.72(7) by willfully engaging in conduct that can reasonably be expected to harass Ms. Williams.

b.  Debt Collector violated Fla. Stat. § 559.72(8) by using obscene or profane language in the course of collecting the alleged Debt.

c.  Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the Debt as collectible and owing when Ms. Williams had properly cancelled the Account. And should never have owed the alleged Debt.

d.  Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the intent to pursue legal action when no such intent existed.

e.  Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to collect on the alleged Debt when no such right existed because Debt Collector is not a registered Debt Collector in the state of Florida.

f.  Debt Collector violated Fla. Stat. § 559.72(10) by falsely representing itself as an attorney when in fact Debt Collector was not an attorney.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **10** of **16**

g.  Debt Collector violated Fla. Stat. § 559.72(12) by the

falsely representing itself as an attorney when in fact Debt

Collector was not an attorney.

59.     As a result of the above violations of the FCCPA, Ms. Williams has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

60.     Debt Collector's actions have damaged Ms. Williams by causing her embarrassment.

61.     Debt Collector's actions have damaged Ms. Williams by causing her emotional distress.

62.     Debt Collector's actions have damaged Ms. Williams by causing her to lose sleep.

63.     Debt Collector's actions have damaged Ms. Williams by causing her aggravation.

64.     Debt Collector's actions have damaged Ms. Williams by harming her reputation.

65.     Debt Collector's actions have damaged Ms. Williams by causing her stress.

66.     Debt Collector's actions have damaged Ms. Williams by causing her anxiety.

67.     Debt Collector's actions have damaged Ms. Williams by being an annoyance.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **11** of **16**

68.     Debt Collector's actions have damaged Ms. Williams by invading her privacy.

69.     Debt Collector's actions have damaged Ms. Williams by causing her to feel belittled and weak.

70.     It has been necessary for Ms. Williams to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

71.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

   a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

   b.   Awarding actual damages;

   c.   Awarding punitive damages;

   d.   Awarding costs and attorneys' fees;

   e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

   f.   Any other and further relief as this Court deems just and equitable.

### _Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")_ _(as against Debt Owner)_

72.     Plaintiff re-alleges paragraphs 1-39 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc._
Page **12** of 16

73. Debt Owner violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

    a. Debt Collector violated Fla. Stat. § 559.72(7) by assigning the alleged Debt to Debt Collector, which can reasonably be expected to harass Ms. Williams.

    b. Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the Debt as collectible and owing when Ms. Williams had properly cancelled the Account.

74. At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

75. Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

    c. Debt Collector violated Fla. Stat. § 559.72(7) by willfully engaging in conduct that can reasonably be expected to harass Ms. Williams.

    d. Debt Collector violated Fla. Stat. § 559.72(8) by using obscene or profane language in the course of collecting the alleged Debt.

    e. Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the Debt as collectible and owing when Ms. Williams had properly cancelled the Account. And should never have owed the alleged Debt.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **13** of **16**

f.  Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the intent to pursue legal action when no such intent existed.

g.  Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to collect on the alleged Debt when no such right existed because Debt Collector is not a registered Debt Collector in the state of Florida.

h.  Debt Collector violated Fla. Stat. § 559.72(10) by falsely representing itself as an attorney when in fact Debt Collector was not an attorney.

i.  Debt Collector violated Fla. Stat. § 559.72(12) by the falsely representing itself as an attorney when in fact Debt Collector was not an attorney.

76.    As a result of the above violations of the FCCPA, Ms. Williams has been subjected to illegal collection activities for which she has been damaged.

77.    Debt Collector's actions have damaged Ms. Williams by causing her embarrassment.

78.    Debt Collector's actions have damaged Ms. Williams by causing her emotional distress.

79.    Debt Collector's actions have damaged Ms. Williams by causing her to lose sleep.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **14** of 16

80.     Debt Collector's actions have damaged Ms. Williams by causing her aggravation.

81.     Debt Collector's actions have damaged Ms. Williams by harming her reputation.

82.     Debt Collector's actions have damaged Ms. Williams by causing her stress.

83.     Debt Collector's actions have damaged Ms. Williams by causing her anxiety.

84.     Debt Collector's actions have damaged Ms. Williams by being an annoyance.

85.     Debt Collector's actions have damaged Ms. Williams by invading her privacy.

86.     It has been necessary for Ms. Williams to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

87.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

h.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

i.   Awarding actual damages;

j.   Awarding punitive damages;

k.   Awarding costs and attorneys' fees;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **15** of 16

l.   Ordering an injunction preventing further wrongful contact by the

Defendant; and

m.  Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Megan Williams, demands a trial by jury on all issues so triable.

Respectfully submitted this **July 31, 2019**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc. and Triumph Fit Inc.*
Page **16** of 16