# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MEGAN WILLIAMS,**

     **Plaintiff,**

**v.**                       **Case No:  8:19-cv-01872-JSM-AEP**

**INTERNAL CREDIT SYSTEMS,
INC., ABC FINANCIAL SERVICES,
INC., and TRIUMPH FIT, INC.,**        **DEMAND FOR JURY TRIAL**

     **Defendants.**
_____/

## PLAINTIFF'S FIRST AMENDED
## COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **MEGAN WILLIAMS** ("Ms. Williams" or "Plaintiff"), by and through the undersigned counsel, and hereby files this First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **ABC FINANCIAL SERVICES, INC.** ("Debt Collector 1"), **INTERNAL CREDIT SYSTEMS, INC.** ("Debt Collector 2"), and **TRIUMPH FIT, INC.** ("Debt Owner") (all collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by misrepresenting the amount and legal status of the alleged Debt when Defendants knew Ms. Williams had cancelled her

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **1** of 24

account and should not owe the alleged Debt, by misrepresenting that Debt Collector 2 was an attorney, and by using obscene and profane language when speaking to Ms. Williams and Ms. Williams' mother in attempts to collect the alleged Debt, which can all reasonably be expected to harass Ms. Williams and her mother.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. §1331.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.      Plaintiff, Ms. Williams, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.      Further, Ms. Williams is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

6.      At all times material hereto, Debt Collector 1 was and is a corporation with its principal place of business in the State of FL and its registered agent, Kenneth Wurtenberg, located at 5791-B NW 151 Street, Miami Lakes, FL 33014.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **2** of **24**

7.      Further, at all times material hereto, Debt Collector 1 is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

8.      At all times material hereto, Debt Collector 2 was and is a corporation with its principle place of business in the State of NC and its registered agent, Theodore B. Lachman, located at 5504 Durham Chapel Hill Blvd, Ste. 200, Durham, NC 27707.

9.      Further, at all times material hereto, Debt Collector 2 is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

10.      At all times material hereto, Debt Collector 2 was performing debt collection on behalf of Debt Collector 1 to satisfy Ms. Williams' alleged debt owed to Debt Owner.

11.      At all times material hereto, Debt Collector 2 was acting within the scope of an employee, representative, or agent on behalf of Debt Collector 1 for purposes of collecting Ms. Williams' alleged debt for Debt Owner.

12.      As such, Debt Collector 1 is responsible for the conduct of Debt Collector 2 as its employee, representative, or agent.

13.      Under information and belief, Debt Collector 1 granted Debt Collector 2 access to information and systems that normally would be within Debt Collector 1's exclusive control, including, but not limited to Ms. Williams' information.

14.      Under information and belief, Debt Collector 1 allowed Debt Collector 2 to enter Ms. Williams' information into Debt Collector 1's sales or customer systems.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **3** of **24**

15.     Under information and belief, Debt Collector 1 gave Debt Collector 2 authority to use the principal's trade name, trademark, or service mark.

16.     Under information and belief, Debt Collector 1 approved, wrote, or reviewed a transcript for Debt Collector 2 to use when calling Ms. Williams.

17.     Under information and belief, Debt Collector 1 had actual knowledge of Debt Collector 2's FDCPA and FCCPA violations when communicating with Ms. Williams and Debt Collector 1 failed to stop such violations by Debt Collector 2.

18.     Under information and belief, via a contractual relationship between the parties, Debt Collector 1 had control or the ability to control Debt Collector 2's actions in attempting to collect Ms. Williams' debt on behalf of Debt Owner.

19.     At all times material hereto, Debt Owner was and is a corporation with its principle place of business in the State of FL and its registered agent, Deron Hiles, located at 3228 Moorings Dr. S., St. Petersburg, Florida 33712.

20.     At all times material hereto, Debt Collector 1 and Debt Collector 2 (collectively "Debt Collectors") were performing debt collection owed to Debt Owner to satisfy Ms. Williams' alleged debt.

21.     At all times material hereto, Debt Collectors were each acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Ms. Williams' alleged debt for Debt Owner.

22.     As such, Debt Owner is responsible for the conduct of Debt Collectors as its employees, representatives, or agents.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **4** of **24**

23. Under information and belief, Debt Owner granted Debt Collectors access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Ms. Williams' information.

24. Under information and belief, Debt Owner allowed Debt Collectors to enter Ms. Williams' information into Debt Owner's sales or customer systems.

25. Under information and belief, Debt Owner gave Debt Collectors authority to use the principal's trade name, trademark, or service mark.

26. Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collectors to use when calling Ms. Williams.

27. Under information and belief, Debt Owner had actual knowledge of Debt Collectors' FDCPA and FCCPA violations when communicating with Ms. Williams and Debt Owner failed to stop such violations by Debt Collectors.

28. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control each of Debt Collectors' actions in attempting to collect Ms. Williams' debt on behalf of Debt Owner.

### *Statements of Fact*

29. On or around October 1, 2018, Ms. Williams opened a gym membership with Debt Owner that was assigned a unique account under Ms. Williams' name ("Account").

30. Under information and belief, Debt Owner assigned or transferred servicing rights to the Account, including billing and debt collection, to Debt Collector 1 at the time the Account was opened.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **5** of 24

31.     In or around January of 2019, Ms. Williams properly cancelled her gym membership with Debt Owner by going in-person to cancel.

32.     Despite Ms. Williams' proper cancellation of the Account, Debt Owner or Debt Collector 1 improperly placed a billing freeze on the account instead of a cancellation, which Debt Owner or Debt Collector 1 reversed in February of 2019 and then continued to improperly charge Ms. Williams' Account for the monthly membership fees, which caused Ms. Williams to incur an alleged outstanding balance owed under the Account ("Debt").

33.     In February of 2019, Debt Collector 1 began placing calls to Ms. Williams' cellular telephone number, 727-***-3861 ("Cellular Telephone"), in connection with the collection of the Debt.

34.     On or around March 24, 2019, Debt Collector 1 sent a collection letter to Ms. Williams in connection with the collection of the alleged Debt on behalf of Debt Owner ("Collection Letter 1"). *See* **Exhibit A.**

35.     Collection Letter 1 represented that Debt Collector 1 is the "billing company" for Debt Owner, was individually addressed to Ms. Williams, demanded a total amount due of $83.20, represented that "your membership remains past due" and "this communication is an attempt to collect a debt. Any information obtained will be used for that purpose," and offered options for payment that included online payment or by phone. *See* **Exhibit A.**

36.     Thereafter, Debt Owner or Debt Collector 1 assigned or transferred servicing rights to the Account, including debt collection, to Debt Collector 2.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **6** of 24

37. In or around April of 2019, Debt Collector 2 began placing calls to Ms. Williams' Cellular Telephone in attempts to collect the Debt.

38. Ms. Williams spoke with Debt Collector 2 and told Debt Collector2 that she properly cancelled the Account and should not owe the Debt.

39. During that same call, Debt Collector 2 represented itself as an attorney and threatened to pursue legal action against Ms. Williams if she did not satisfy the alleged Debt immediately.

40. Debt Collector 2 also used obscene and profane language when demanding that Ms. Williams pay the alleged Debt during the call.

41. Ms. Williams' mother also got on the phone call with Debt Collector 2 and explained to Debt Collector 2 that the Account was properly closed and demanded that Debt Collector 2 stop calling Ms. Williams' Cellular Telephone.

42. In addition to calling Ms. Williams' Cellular Telephone in attempts to collect the Debt, on or around May 2, 2019, Debt Collector 2 sent a collection letter directly to Ms. Williams in connection with the collection of the alleged Debt ("Collection Letter 2"). *See* **Exhibit B.**

43. Collection Letter 2 represented that Debt Owner "requested" that Debt Collector 2 "collect this matter," was individually addressed to Ms. Williams, demanded a total amount due of $196.30, represented that "after reviewing the account we advised our client we are pursuing full payment for them," "WARNING: THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **7** of **24**

BE USED FOR THAT PURPOSE," and "[Debt Collector 2] is a debt collector," and offered options for payment that included credit card or debit card. *See* **Exhibit B.**

44.     On or around May 7, 2019, Debt Collector 2 left a voicemail on Ms. Williams' Cellular Telephone and identified himself as Ted Lachman, provided the phone number 1-877-405-1900 as a call back number, and requested that Ms. Williams return the call.

45.     On or around May 15, 2019, Debt Collector 2 called Ms. Williams' Cellular Telephone again and left another voicemail as follows:

> "This message for Megan. This is Ted Lachman giving you a call regarding a *legal matter*. I spoke to you over a week ago, they asked me to give you one last call *before they move forward*. My number is 1-877-405-1900."

46.     All of Debt Collector 2's calls to Ms. Williams' Cellular Telephone were placed in an attempt to collect the alleged Debt.

47.     Ms. Williams has been harassed due to the content and timing of Debt Collector 2's calls.

48.     On or around July 2, 2019, Debt Collector sent another collection letter directly to Ms. Williams in connection with the collection of the alleged Debt ("Collection Letter 1"). *See* **Exhibit C.**

49.     This time, Collection Letter 3 was sent by "Clayton and Myrick, PLLC Attorneys at Law" "on behalf of" Debt Collector 2, was individually addressed to Ms. Williams, demanded a total amount due of $196.30; and made the following representations:

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **8** of **24**

a. Ms. Williams had "[d]isregarded possible *civil action* against you for which you may become liable for *costs of court* and interest in addition to the outstanding balance;"

b. "[i]f the debt is not settled within ten (10) days, then I may be instructed to take further action accordingly and forward this account to counsel in your local area;"

c. "[i]n accordance with local law, you may then become liable for the costs of court and interest in addition to the outstanding balance;"

d. "[i]f your contract or local law specifies your liability for attorneys' fees, local counsel may *vigorously pursue* those as well;"

e. "PLEASE BE ADVISED THAT THIS CORRESPONDENCE IS BEING SENT IN AN ATTEMPT TO COLLECT A DEBT AND ANYTHING OBTAINED THEREBY WILL BE USED FOR THAT PURPOSE;" and

f. "This correspondence is from an attorney debt collector."

*See* **Exhibit C** (emphasis added).

50.    Upon receipt of Collection Letter 3, Ms. Williams was distressed and confused about whether a "civil action" had been filed against her for the alleged fitness membership Debt owed to Debt Owner, causing her to be liable for attorneys' fees and court costs.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **9** of 24

51.     Collection Letter 3 combined with Debt Collector 2's voicemail dated May 15, 2019 caused Ms. Williams to believe that Defendants intended to file civil proceedings against her, which caused her significant distress.

52.     Debt Collector 2 never followed through on its threat to file a "civil action" against Ms. Williams to collect the alleged Debt in the amount of $196.30.

53.     Defendants sent Collection Letters 1-3 (collectively "Collection Letters") in connection with collection of the Debt.

54.     Under information and belief, none of the Defendants have any policies or procedures in place to avoid the types of FDCPA and FCCPA violations at issue in this lawsuit.

### *Count1: Violation of the Fair Debt Collection Practices Act ("FDCPA")* *(as against Debt Collector2)*

55.     Ms. Williams re-alleges paragraphs 1-54and incorporates the same herein by reference.

56.     Ms. Williams is a "consumer" within the meaning of the FDCPA.

57.     The subject debt is a "consumer debt" within the meaning of the FDCPA.

58.     Debt Collector2is a "debt collector" within the meaning of the FDCPA, and is a self-proclaimed 'debt collector' pursuant to Collection Letter 2.

59.     Debt Collector2 violated the FDCPA. Debt Collector 2's violations include, but are not limited to, the following:

a.  Debt Collector 2 violated 15 U.S.C. § 1692d(1) by
    threatening to sue Ms. Williams if she did not satisfy the

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **10** of 24

alleged Debt when Debt Collector had no intent to file such suit.

b. Debt Collector 2 violated 15 U.S.C. § 1692d (2) by using obscene or profane language in the course of collecting the alleged Debt during its phone call with Ms. Williams and her mother.

c. Debt Collector 2 violated 15 U.S.C. § 1692e (2)(A) by misrepresenting the legal status of the alleged Debt as collectible and owing when Ms. Williams had properly cancelled the Account.

d. Debt Collector 2 violated 15 U.S.C. § 1692e (3) by the falsely representing itself as an attorney during its call with Ms. Williams and her mother, and in its voicemail dated May 15, 2019 regarding a "legal matter" when in fact Debt Collector was not an attorney.

60. As a result of the above violations of the FDCPA, Ms. Williams has been subjected to illegal collection activities for which she has been damaged.

61. Debt Collector 2's actions have damaged Ms. Williams by causing her embarrassment.

62. Debt Collector 2's actions have damaged Ms. Williams by causing her emotional distress.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **11** of **24**

63.     Debt Collector 2's actions have damaged Ms. Williams by causing her to lose sleep.

64.     Debt Collector 2's actions have damaged Ms. Williams by causing her aggravation.

65.     Debt Collector 2's actions have damaged Ms. Williams by harming her reputation.

66.     Debt Collector 2's actions have damaged Ms. Williams by causing her stress.

67.     Debt Collector 2's actions have damaged Ms. Williams by causing her anxiety.

68.     Debt Collector 2's actions have damaged Ms. Williams by being an annoyance.

69.     Debt Collector 2's actions have damaged Ms. Williams by invading her privacy.

70.     It has been necessary for Ms. Williams to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

71.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector 2 as follows:

a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **12** of 24

b. Awarding actual damages;

c. Awarding costs and attorneys' fees; and

d. Any other and further relief as this Court deems just and equitable.

## *Count2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector 2)*

72.     Ms. Williams re-alleges paragraphs 1-54 and incorporates the same herein by reference.

73.     Debt Collector 2 violated the FCCPA.   Debt Collector 2's violations include, but are not limited to, the following:

a. Debt Collector 2 violated Fla. Stat. § 559.72(7) by willfully engaging in conduct that can reasonably be expected to harass Ms. Williams and her mother during its phone call with Ms. Williams and her mother, the threats in its May 15, 2019 voicemail regarding "legal action," and the content of Collection Letter 3.

b. Debt Collector 2 violated Fla. Stat. § 559.72(8) by using obscene or profane language in the course of collecting the alleged Debt during its phone call with Ms. Williams and her mother.

c. Debt Collector 2 violated Fla. Stat. § 559.72(9) by misrepresenting the Debt as collectible and owing when Debt Collector 2 knew that Ms. Williams had properly cancelled the Account.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **13** of **24**

d. Debt Collector 2 violated Fla. Stat. § 559.72(9) by misrepresenting the intent to pursue legal action in its May 15, 2019 voicemail and its Collection Letter 3 when no such intent existed.

e. Debt Collector 2 violated Fla. Stat. § 559.72(10) by falsely representing itself as an attorney in its call with Ms. Williams and her mother, and its May 15, 2019 voicemail when in fact Debt Collector was not an attorney.

f. Debt Collector 2 violated Fla. Stat. § 559.72(12) by falsely representing itself as an attorney in its call with Ms. Williams and her mother, and its May 15, 2019 voicemail when in fact Debt Collector was not an attorney.

74. As a result of the above violations of the FCCPA, Ms. Williams has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

75. Debt Collector 2's actions have damaged Ms. Williams by causing her embarrassment.

76. Debt Collector 2's actions have damaged Ms. Williams by causing her emotional distress.

77. Debt Collector 2's actions have damaged Ms. Williams by causing her to lose sleep.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **14** of **24**

78. Debt Collector 2's actions have damaged Ms. Williams by causing her aggravation.

79. Debt Collector 2's actions have damaged Ms. Williams by harming her reputation.

80. Debt Collector 2's actions have damaged Ms. Williams by causing her stress.

81. Debt Collector 2's actions have damaged Ms. Williams by causing her anxiety.

82. Debt Collector 2's actions have damaged Ms. Williams by being an annoyance.

83. Debt Collector 2's actions have damaged Ms. Williams by invading her privacy.

84. Debt Collector 2's actions have damaged Ms. Williams by causing her to feel belittled and weak.

85. It has been necessary for Ms. Williams to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

86. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector 2 as follows:

a. Awarding statutory damages as provided by Fla. Stat.§ 559.77;

b. Awarding actual damages;

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
**Page 15 of 24**

c.  Awarding punitive damages;

d.  Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

f.  Any other and further relief as this Court deems just and equitable.

### Count3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector 1)

87.  Plaintiff re-alleges paragraphs 1-54 and incorporates the same herein by reference.

88.  Debt Collector 1 violated the FCCPA. Debt Collector 1's violations include, but are not limited to, the following:

a.  Debt Collector1 violated Fla. Stat. § 559.72(9) by misrepresenting the Debt as collectible and owing in its Collection Letter 1 and its collection calls to Ms. Williams after Debt Collector 1 improperly froze the Account and then reversed the Account freeze causing the Debt to accrue, when Debt Collector 1 knew that Ms. Williams had properly cancelled the Account and therefore should not have owed the Debt.

89.  At all times relevant hereto, Debt Collector 1 was directly and vicariously liable for the actions of Debt Collector 2.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **16** of 24

90. Debt Collector 2 violated the FCCPA. Debt Collector 2's violations include, but are not limited to, the following:

a. Debt Collector 2 violated Fla. Stat. § 559.72(7) by willfully engaging in conduct that can reasonably be expected to harass Ms. Williams and her mother during its phone call with Ms. Williams and her mother, the threats in its May 15, 2019 voicemail regarding "legal action," and the content of Collection Letter 3.

b. Debt Collector 2 violated Fla. Stat. § 559.72(8) by using obscene or profane language in the course of collecting the alleged Debt during its phone call with Ms. Williams and her mother.

c. Debt Collector 2 violated Fla. Stat. § 559.72(9) by misrepresenting the Debt as collectible and owing when Debt Collector 2 knew that Ms. Williams had properly cancelled the Account.

d. Debt Collector 2 violated Fla. Stat. § 559.72(9) by misrepresenting the intent to pursue legal action in its May 15, 2019 voicemail and its Collection Letter 3 when no such intent existed.

e. Debt Collector 2 violated Fla. Stat. § 559.72(10) by falsely representing itself as an attorney in its call with Ms.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **17** of **24**

Williams and her mother, and its May 15, 2019 voicemail when in fact Debt Collector was not an attorney.

     f.   Debt Collector 2 violated Fla. Stat. § 559.72(12) by falsely representing itself as an attorney in its call with Ms. Williams and her mother, and its May 15, 2019 voicemail when in fact Debt Collector was not an attorney.

91.    As a result of the above violations of the FCCPA, Ms. Williams has been subjected to illegal collection activities for which she has been damaged.

92.    Debt Collectors' actions have damaged Ms. Williams by causing her embarrassment.

93.    Debt Collectors' actions have damaged Ms. Williams by causing her emotional distress.

94.    Debt Collectors' actions have damaged Ms. Williams by causing her to lose sleep.

95.    Debt Collectors' actions have damaged Ms. Williams by causing her aggravation.

96.    Debt Collectors' actions have damaged Ms. Williams by harming her reputation.

97.    Debt Collectors' actions have damaged Ms. Williams by causing her stress.

98.    Debt Collectors' actions have damaged Ms. Williams by causing her anxiety.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **18** of 24

99. Debt Collectors' actions have damaged Ms. Williams by being an annoyance.

100. Debt Collectors' actions have damaged Ms. Williams by invading her privacy.

101. It has been necessary for Ms. Williams to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

102. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector 1 as follows:

a. Awarding statutory damages as provided by Fla. Stat.§ 559.77;

b. Awarding actual damages;

c. Awarding punitive damages;

d. Awarding costs and attorneys' fees;

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems just and equitable.

### *Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)*

103. Plaintiff re-alleges paragraphs 1-54 and incorporates the same herein by reference.

104. Debt Owner violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **19** of 24

a. Debt Owner violated Fla. Stat. § 559.72(9) by misrepresenting the Debt as collectible and owing in the Collection Letters and collection calls to Ms. Williams on its behalf after Debt Owner improperly froze the Account and then reversed the Account freeze causing the Debt to accrue, when Debt Owner knew that Ms. Williams had properly cancelled the Account and therefore should not have owed the Debt.

105. At all times relevant hereto, Debt Owner was directly and vicariously liable for the actions of Debt Collector 1.

106. Debt Collector 1 violated the FCCPA. Debt Collector 1's violations include, but are not limited to, the following:

a. Debt Collector1 violated Fla. Stat. § 559.72(9) by misrepresenting the Debt as collectible and owing in its Collection Letter 1 and its collection calls to Ms. Williams after Debt Collector 1 improperly froze the Account and then reversed the Account freeze causing the Debt to accrue, when Debt Collector 1 knew that Ms. Williams had properly cancelled the Account and therefore should not have owed the Debt.

107. Further, at all times relevant hereto, Debt Owner was directly and vicariously liable for the actions of Debt Collector 2.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **20** of **24**

108. Debt Collector 2 violated the FCCPA. Debt Collector 2's violations include, but are not limited to, the following:

a. Debt Collector 2 violated Fla. Stat. § 559.72(7) by willfully engaging in conduct that can reasonably be expected to harass Ms. Williams and her mother during its phone call with Ms. Williams and her mother, the threats in its May 15, 2019 voicemail regarding "legal action," and the content of Collection Letter 3.

b. Debt Collector 2 violated Fla. Stat. § 559.72(8) by using obscene or profane language in the course of collecting the alleged Debt during its phone call with Ms. Williams and her mother.

c. Debt Collector 2 violated Fla. Stat. § 559.72(9) by misrepresenting the Debt as collectible and owing when Debt Collector 2 knew that Ms. Williams had properly cancelled the Account.

d. Debt Collector 2 violated Fla. Stat. § 559.72(9) by misrepresenting the intent to pursue legal action in its May 15, 2019 voicemail and its Collection Letter 3 when no such intent existed.

e. Debt Collector 2 violated Fla. Stat. § 559.72(10) by falsely representing itself as an attorney in its call with Ms.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **21** of **24**

Williams and her mother, and its May 15, 2019 voicemail when in fact Debt Collector was not an attorney.

      f.   Debt Collector 2 violated Fla. Stat. § 559.72(12) by falsely representing itself as an attorney in its call with Ms. Williams and her mother, and its May 15, 2019 voicemail when in fact Debt Collector was not an attorney.

109.    As a result of the above violations of the FCCPA, Ms. Williams has been subjected to illegal collection activities for which she has been damaged.

110.    Defendants' actions have damaged Ms. Williams by causing her embarrassment.

111.    Defendants' actions have damaged Ms. Williams by causing her emotional distress.

112.    Defendants' actions have damaged Ms. Williams by causing her to lose sleep.

113.    Defendants' actions have damaged Ms. Williams by causing her aggravation.

114.    Defendants' actions have damaged Ms. Williams by harming her reputation.

115.    Defendants' actions have damaged Ms. Williams by causing her stress.

116.    Defendants' actions have damaged Ms. Williams by causing her anxiety.

117.    Defendants' actions have damaged Ms. Williams by being an annoyance.

118.    Defendants' actions have damaged Ms. Williams by invading her privacy.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **22** of **24**

119.     It has been necessary for Ms. Williams to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

120.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a.   Awarding statutory damages as provided by Fla. Stat.§ 559.77;

    b.   Awarding actual damages;

    c.   Awarding punitive damages;

    d.   Awarding costs and attorneys' fees;

    e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.   Any other and further relief as this Court deems just and equitable.


## DEMAND FOR JURY TRIAL

Plaintiff, Megan Williams, demands a trial by jury on all issues so triable.

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **23** of **24**

Respectfully submitted this **July 14, 2020**,

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
Law Office of Michael A. Ziegler, P.L.:
Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14 July 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132

Plaintiff's First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Williams v. Internal Credit Systems, Inc., ABC Financial Services, Inc., and Triumph Fit Inc.*
Page **24** of **24**