UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEGAN WILLIAMS,

    Plaintiff,

v.                                                Case No. 8:19-cv-01872-T-30AEP

INTERNAL CREDIT SYSTEMS, INC.,
And TRIUMPH FIT INC.,

    Defendants.
_____/

**DEFENDANT TRIUMPH FIT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT, AND CROSSCLAIMS AGAINST DEFENDANTS**

COMES NOW, Defendant, TRIUMPH FIT, INC., through undersigned counsel and files its Answer, Affirmative Defenses, and Crossclaim against INTERNAL CREDITS SYSTEMS, INC., and answers Plaintiff, MEGAN WILLIAMS', Amended Complaint (Dkt. 20) as follows:

**Introduction**

    1.    Denied.

**Jurisdiction and Venue**

    2.    Admitted for jurisdictional purposes only.

    3.    Admitted for venue purposes only.

**Parties**

    4.    Without knowledge, therefore denied.

    5.    Denied.

    6.    Without knowledge, therefore denied.

    7.    Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Admitted.

20. Denied as phrased.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## Statements of Fact

29. Admitted.

30. Admitted

31. Denied.

1814322

32. Denied.

33. Admitted

34. Without knowledge, therefore denied. Exbibit A speaks for itself.

35. Without knowledge, therefore denied. Exhibit A speaks for itself.

36. Denied as phrased.

37. Without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. Without knowledge, therefore denied. Exhibit B speaks for itself.

43. Without knowledge, therefore denied. Exhibit B speaks for itself.

44. Without knowledge, therefore denied.

45. Without knowledge, therefore denied.

46. Without knowledge, therefore denied.

47. Denied.

48. Without knowledge, therefore denied. Exhibit C speaks for itself.

49. Without knowledge, therefore denied. Exhibit C speaks for itself.

50. Denied.

51. Without knowledge, therefore denied.

52. Without knowledge, therefore denied.

53. Without knowledge, therefore denied.

54. Denied.

**Count 1: Violation of Fair Debt Collection Practices Act ("FDCPA") as to Debt Collector 2**

1814322

55. Defendant, TRIUMPH FIT, INC., re-incorporates and re-alleges paragraphs 1 through 54 as if fully set forth herein.

As **Count 1** does not contain any allegations as to Defendant, TRIUMPH FIT, INC., all allegations in paragraphs 56 through 71, including all subparts, are hereby denied.

### Count 2: Violation of Florida Consumer Collection Practices Act ("FCCPA") as to Debt Collector 2

72. Defendant, TRIUMPH FIT, INC., re-incorporates and re-alleges paragraphs 1 through 54 as if fully set forth herein.

As **Count 2** does not contain any allegations as to Defendant, TRIUMPH FIT, INC., all allegations in paragraphs 73 through 86, including all subparts, are hereby denied.

### Count 3: Violation of Florida Consumer Collection Practices Act ("FCCPA") as to Debt Collector 1

87. Defendant, TRIUMPH FIT, INC., re-incorporates and re-alleges paragraphs 1 through 54 as if fully set forth herein.

As **Count 3** does not contain any allegations as to Defendant, TRIUMPH FIT, INC., all allegations in paragraphs 88 through 102, including all subparts, are hereby denied.

### Count 4: Violation of Florida Consumer Collection Practices Act ("FCCPA") as to Debt Owner

103. Defendant, TRIUMPH FIT, INC., re-incorporates and re-alleges paragraphs 1 through 54 as if fully set forth herein.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Without knowledge as to the entirety of this allegation, including its subparts (a-f); therefore denied.

1814322

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Without knowledge, therefore denied.

120. Denied.

## AFFIRMATIVE DEFENSES

121. As its First Affirmative Defense, Triumph states that no agency relationship exists between ICS and Triumph so as to permit Plaintiff to hold Triumph viciously liable for ICS's actions.

122. As its Second Affirmative Defense, Triumph states that no agency relationship exists between ABC and Triumph so as to permit Plaintiff to hold Triumph viciously liable for ABC's actions.

123. As its Third Affirmative Defense, Triumph states that Plaintiff's injuries were not proximately caused by Triumph or anyone with whom Triumph has an agency relationship with, including ICS and ABC.

124. As its Fourth Affirmative Defense, Triumph states that the injuries complained of were caused, in whole or in part, by non-parties, including Clayton and Myrick, PLLC, an attorney in North Carolina, who sent Plaintiff a letter regarding the debt and may

1814322

have had other communications with Plaintiff.

125. As its Fifth Affirmative Defense, Triumph states that any alleged violation of the FCCPA by either Triumph or ICS was not intentional or knowing and was the result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**WHEREFORE**, Defendant, TRIUMPH FIT, INC., requests that this honorable Court, should it be determined that Plaintiff's claim lacks justiciable issues of law or fact, award Defendant, TRIUMPH FIT, INC., its reasonable attorney's fees and costs pursuant to section 559.772(2), Florida Statutes, and for any further relief this Court deems just or proper.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed and served by electronic notification to all counsel listed on the Court's CMECF system on this 7th day of August, 2020.

SYPRETT, MESHAD, P.A.
1900 RINGLING BOULEVARD
SARASOTA, FL 34236
(941) 365-7171 / (941) 365-7923 FAX

_____
BEN SORRELL, ESQ.
Florida Bar No. 0127208
Attorneys for Defendant, Triumph Fit, Inc.

1814322

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEGAN WILLIAMS,

    Plaintiff,

v.                                                                   Case No. 8:19-cv-01872-T-30AEP

INTERNAL CREDIT SYSTEMS, INC.;
ABC FINANCIAL SERVICES, INC.; and
TRIUMPH FIT INC.,

    Defendants.
_____/

**<u>TRIUMPH FIT, INC.'S CROSSCLAIM AGAINST
INTERNAL CREDIT SYSTEMS, INC, AND ABC FINANCIAL SERVICES, INC.</u>**

    COMES NOW, Defendant/Cross-Plaintiff, TRIUMPH FIT, INC., through undersigned counsel, Pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, and hereby sues Defendants/Cross-Defendants, INTERNAL CREDIT SYSTEMS, INC., and ABC FINANCIAL SERVICES, INC., and in support thereof, states the following:

### <u>Introduction</u>

    1.     This action is brought pursuant to Rule 13(g) of the Federal Rules of Civil Procedure as it is a Crossclaim arising out of the same transaction or occurrence that is the subject matter of the original action, specifically the underlying FCCPA claim. As the underlying action mainly alleges that Triumph Fit, Inc. ("Triumph") is vicariously liable for the actions of Internal Credit Systems, Inc., ("ICS"), and ABC Financial Systems, Inc. ("ABC") Triumph hereby crossclaims for indemnity against ICS and ABC.

### <u>Jurisdiction and Venue</u>

    2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1367(a) and Rule 13(g) of the Federal Rules of Civil Procedure.

3. Venue in this district is proper as the claims herein arise out of a contract entered into within the Middle District.

## Parties

4. At all times material herein, Cross-Plaintiff Triumph was, and is, a Florida Corporation duly authorized to transact business in the State of Florida. Triumph owns and operates a franchise of Anytime Fitness gyms.

5. At all times material herein, Cross-Defendant ICS was, and is, a Florida foreign corporation duly authorized to transact business in the State of Florida.

6. At all times material herein, Cross-Defendant ABC was, and is, a Florida foreign corporation duly authorized to transact business in the State of Florida.

## Statement of Facts

7. On July 14, 2020, Plaintiff in the underlying action, MEGAN WILLIAMS, filed a four count complaint alleging violations of the Federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") emanating from a debt owed to Triumph attributable to monthly charges for unpaid gym membership fees.

8. Counts I and II for violations of the FDCPA and FCCPA, respectively, are alleged against ICS as debt collector.

9. Count III for violations of the FCCPA are alleged against ABC as debt collector.

10. Count IV against Triumph is mainly for vicarious liability emanating from the alleged FCCPA violations of ICS and ABC.

11. On or about May 5, 2017, Triumph and ICS entered into a contract for collection services (the "Contract") related to unpaid gym membership fees. See Exhibit "A".

12. Under the Contract, ICS agrees to conduct its collection efforts "within the parameter[s] of existing federal, state and city laws and regulations." See Exhibit "A".

13. The Contract further requires ICS to indemnify and hold Triumph harmless

1814322

"from and against any and all claims, damages, losses and actions resulting from or arising out of [ICS'] efforts to collect-except, however, such as may be caused or arise out of negligence or unauthorized acts on your part." See Exhibit "A".

14. On or about May 12, 2017, Triumph and ABC entered into a Billing Services Agreement. See Exhibit "B".

15. Triumph did not, and does not, participate in any collection activities, and therefore was not negligent and did not do any unauthorized acts related to the subject collection.

16. Triumph has retained the undersigned attorneys to represent it in this matter and is obligated to pay them a reasonable fee.

17. All conditions precedent to this action have been complied with.

## Count I: Contractual Indemnity Against ICS

18. Triumph re-alleges paragraphs 1 through 17 as if fully stated herein.

19. A contractual relationship exists between Triumph and ICS. See Exhibit "A".

20. Pursuant to the Contract, ICS agreed to indemnify and hold Triumph harmless for any damages arising out of its collection efforts.

21. Count IV in the underlying action is for mainly for vicarious liability as to Triumph, as Plaintiff seeks to hold Triumph liable for ICS's alleged violations of the FCCPA.

22. ICS' alleged actions violating the FCCPA, including but not limited to, harassing behavior, threatening legal action, misrepresentations, and using obscene and profane language, were all taken at the sole discretion of ICS and not as a result of any instruction from, or consent of, Triumph.

23. Triumph is wholly without fault as to the allegations contained in the underlying action with regard to its alleged vicarious liability for ICS' actions.

24. ICS, as the collection agent for Triumph, is directly liable for the allegations

1814322

contained in the underlying action.

25. Triumph is only potentially vicariously liable to the Plaintiff, MEGAN WILLIAMS, in the underlying action.

26. Triumph may be damaged in the form of an adverse judgment against it as a result of ICS' alleged FCCPA violations, for which ICS should indemnify Triumph.

27. Additionally, Triumph has been damaged, and will continue to suffer damages, in the form of attorney's fees and costs from having to defend the underlying action, for which it is obligated to pay a reasonable attorney's fee.

**WHEREFORE**, Cross-Plaintiff, TRIUMPH FIT, INC., respectfully requests this Court enter judgment against Cross-Defendant, INTERNAL CREDIT SYSTEMS, INC., on its contractual indemnity claim in an amount according to proof.

### Count II: Common Law Indemnity Against ABC

28. Triumph re-alleges paragraphs 1 through 17 as if fully stated herein.

29. Count IV in the underlying action is mainly for vicarious liability as to Triumph, as Plaintiff seeks to hold Triumph liable for ABC's alleged violations of the FCCPA.

30. Triumph is wholly without fault as to the allegations contained in underlying action with regard to its alleged vicarious liability for ABC's actions.

31. ABC is directly liable for the allegations contained in the underlying action.

32. ABC acted outside of the scope of its authority the Billing Services Agreement when it engaged in conduct allegedly violating the FCCPA, as alleged by Plaintiff in the underlying action.

33. The Billing Services Agreement affords ABC the sole discretion to determine which accounts it wishes to collect or it deems collectible. See Exhibit "B" at ¶ 7.

34. Thus, any actions taken by ABC to collect on such accounts, were taken at the sole discretion of ABC.

1814322

35. ABC's alleged actions violating the FCCPA, including but not limited to excessive calls, misrepresentations, and improperly continuing to charge Plaintiff's account, were all taken at the sole discretion of ABC and not as a result of any instruction from, or consent of, Triumph.

36. As the only billing and servicing company for Triumph, ABC retained the sole right and ability to control and determine charges and collection activity on Plaintiff, MEGAN WILLIAMS', account.

37. Triumph is only potentially vicariously liable to the Plaintiff, MEGAN WILLIAMS, in the underlying action.

38. Triumph may be damaged in the form of an adverse judgment against it as a result of ABC's alleged FCCPA violations, for which ABC should indemnify Triumph.

39. Triumph has been damaged, and will continue to suffer damages, in the form of attorney's fees and costs from having to defend the underlying action, for which it is obligated to pay a reasonable attorney's fee.

**WHEREFORE**, Cross-Plaintiff, TRIUMPH FIT, INC., respectfully requests this Court enter judgment against Cross-Defendant, ABC FINANCIAL SERVICES, INC., on its common law indemnity claim in an amount according to proof.

1814322

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was electronically filed and served by electronic notification to all counsel listed on the Court's CMECF system on this 7th day of August, 2020.

                                        SYPRETT MESHAD, P.A.
                                        1900 RINGLING BOULEVARD
                                        SARASOTA, FL 34236
                                        (941) 365-7171 / (941) 365-7923 FAX

                                        _____
                                        BEN SORRELL, ESQ.
                                        Florida Bar No. 0127208
                                        Attorneys for Triumph Fit, Inc.

1814322